Beck, J.
These cases rest upon like facts, and the same question is presented in each.
There was evidence at the trial tending to prove the acts necessary to constitute the offense charged. The building in which the intoxicating liquors were kept and sold was owned by defendant, or he had such an interest in it as authorized him to rent it. A saloon was kept therein. In it were a bar, where liquors were sold, and a billiard table; the last, it was shown, was under control of defendant. Acts of selling liquor at the bar, and other acts tending to show that defendant also exercised control over it, were *580 proved. In order to show that the liquors were not kept and sold in the building, with the authority and permission of defendant, he introduced in evidence a lease from himself to one McGilles for the premises.
Among other instructions, the following was given to the jury: “ It is not necessary to prove that the defendant sold any intoxicating liquor, but only that he kept it with intent to sell contrary to law. And proof of either the manufacture, the sale or the keeping with intent to sell, any intoxicating liquor in violation of law in the said building, either by the defendant or by any other person under the authority or by the permission of defendant, is, in law, deemed sufficient as presumptive evidence of the offense charged in the indictment. So that if you find that the defendant did not himself sell or keep, with intent to sell, any intoxicating liquor, as charged, in the building in question, yet, if it be shown, beyond a reasonable doubt, that such liquor was sold or kept, with the intent to sell in such building in violation of law, by any person under the authority or by the permission of the defendant, this is, by law, deemed sufficient as presumptive evidence of the offense charged in the indictment, and the lease in evidence, and relied upon by the defendant, will not constitute any defense to this prosecution.” The last part of this instruction, which refers to the lease given in evidence, is made the ground of the only objection raised by defendant’s counsel. The proposition, however, which is stated by counsel for our consideration, and which, it is claimed, arises upon the part of the instruction objected to, is in fact not presented by the record. It is this: If the defendant leased his property to another for a lawful purpose, and the lessee afterward sold liquor therein, in violation of law, with the knowledge and possible permission of defendant, he is not guilty of selling in violation of the statute. It is claimed that the instruction announces a different doctrine.
*581 The lease given in evidence is not found in the record. "We cannot, therefore, say, that the premises were let for a lawful purpose and not for the purpose for which they were used. We must presume that the district court gave a proper construction of the legal force and effect of the lease, so far as it bears upon the question of defendant’s guilt. Not having the instrument before us we cannot review the court’s ruling upon its proper construction.
We must not be understood as assenting to the proposition of law made by defendant’s counsel as above stated. We express no opinion thereon.
The judgment in each ease is
Affirmed.